UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Fabian Jesus Brooks Arias, | Case No. 2:21-cv-00644-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| David Joseph Robinson, | |
| Defendant. | |

This is a personal injury action arising out of a car accident. Plaintiff Fabian Jesus Brooks Arias sues Defendant David Joseph Robinson for damages, alleging that Defendant negligently followed too closely and rear-ended Plaintiff. Defendant moves to withdraw and amend his non-responses to Plaintiff's requests for admissions, explaining that the failure to serve the answers was a purely clerical error. (ECF No. 19). Because the Court finds that Defendant has met his burden under Rule 36(b) to withdraw the non-responses and that Plaintiff has not met his burden, it grants Defendant's motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

Defendant's counsel prepared responses to Plaintiff's requests for admissions and sent a draft of these responses to Plaintiff's counsel via email on August 16, 2021. (ECF No. 19 at 3-4). In that email, Defendant's counsel requested an extension to respond to Plaintiff's written discovery, to which request Plaintiff's counsel agreed, moving the deadline to September 13, 2021. (*Id.*). Before that deadline, however, Defendant's counsel's office experienced a staffing change, resulting in Defendant's counsel working with the office's assistant pool, rather than a designated assistant. (*Id.* at 4-5). When Defendant's counsel sent the written discovery responses to the assistant pool to be served on September 10, 2021, Defendant's counsel inadvertently

forgot to include the requests for admission responses. (*Id.*). Because the assistant who served the responses was unfamiliar with the case, the mistake was not caught. (*Id.* at 5-6).

During Plaintiff's deposition of Defendant—which took place a few weeks after Defendant served his answers to written discovery requests—Plaintiff's counsel did not raise the requests for admission responses. (*Id.*). Defendant's counsel was unaware of the mistake until his new assistant noticed the irregularity in the case file on October 5, 2021. (*Id.*). That day, Defendant's counsel served the responses to Plaintiff's requests for admission by mail[1] and the next day—on October 6, 2021—contacted Plaintiff's counsel to explain the error and request an extension. (*Id.* at 8-9). Plaintiff's counsel declined, however, stating that the responses were deemed admitted. (*Id.*). That same day, Plaintiff filed a motion for summary judgment on the issues of causation and damages based solely on the requests for admission non-responses. (*Id.*).

Defendant's counsel responded to the motion for summary judgment and moved to withdraw and amend his non-responses on October 26, 2021. (ECF Nos. 19 and 20). In his motion, Defendant's counsel takes responsibility for the mistake. (ECF No. 19 at 6). Defendant argues that, under Rule 36(b), he has carried his burden of showing that, absent withdrawal and amendment, he would be unable to present the merits of his case because the requests go to the heart of liability and seek legal conclusions. (*See generally*, *id.*). He adds that Plaintiff cannot carry his burden of showing prejudice because Plaintiff's counsel made no attempt to question Defendant about the requests for admissions and the proper responses were only thirty days late. (*See id.*).

Plaintiff responds and argues that the requests are deemed admitted as a matter of law which Defendant does not overcome. (ECF No. 23). He argues that Defendant has not met his burden of showing that the case will not be tried on its merits because, as Plaintiff asserts, the requests for admission only establish causation and damages, leaving other elements and theories

---

[1] Defendant's counsel and Plaintiff's counsel disagree whether the responses served on October 5, 2021 were signed by Defendant's counsel. (*Compare* ECF No. 19 at 10 *with* ECF No. 23 at 3). Defendant's counsel thus re-served signed answers on October 13, 2021. (ECF No. 19 at 10). However, because this fact does not impact the Court's analysis, it does not address it further.

on which Defendant can argue the merits. (*Id.* at 10-11). On the other hand, Plaintiff argues that he has carried his burden of establishing prejudice. (*Id.* at 11-12). He asserts that he relied on Defendant's non-responses and would suddenly need to retain an expert, depose fact witnesses, and serve additional written discovery should the non-responses be withdrawn and amended. (*Id.* at 11-12).

Defendant replies in support of his motion, arguing that he disputes the merits of causation and damages. (ECF No. 25 at 5-6). He adds that the prejudice to Plaintiff is slight. (*Id.* at 8-9). He explains that discovery closes in March of 2022, Plaintiff's counsel has been engaging in discovery during the time he claims to have relied on Defendant's non-responses, and that Plaintiff's counsel did not even use the admissions in his deposition of Defendant. (*Id.*).

**II.     Discussion.**

Under Federal Rule of Civil Procedure 36(a)(3), a party must answer or object to requests for admission within thirty days of service of the requests. Fed. R. Civ. P. 36(a)(3). Rule 36(b), however, gives courts discretion to permit a party to withdraw or amend their answers if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Under the two-prong test that Rule 36(b) forms, the party seeking withdrawal of admissions bears the burden of satisfying the first prong: that withdrawal and amendment would promote the presentation of the merits of the action. *See e.g.*, *McCurry v. Bank of Am., N.A.*, No. 2:16-cv-00191-RFB-PAL, 2017 WL 2259979, at *5-6 (D. Nev. May 23, 2017). The party objecting to the withdrawal has the burden of satisfying the second: that it would be prejudiced by maintaining or defending the action on the merits. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

Rule 36(b) is permissive. *See Ina v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-BNW, 2021 WL 5822087, at *1 (D. Nev. April 13, 2021) (citing *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007)). This means that, even if the court finds that withdrawal would promote presentation of the merits and that the nonmoving party will not be prejudiced, it is still not required by Rule 36(b) to allow withdrawal. *See id.* In exercising this discretion, the district

court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits. *See id.* Nevertheless, "the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." *Id.* The court must also be "cautious in exercising [its] discretion to permit withdrawal or amendment of an admission." *Id.*

### A. Defendant has met his burden of satisfying the first prong.

In *Conlon v. United States*, the Ninth Circuit explained that the first prong of the test—under an earlier version of Rule 36(b)—is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622. *Ina v. CV Sciences, Inc.* stands for the proposition that, even if upholding admissions leaves room for the parties to argue the merits of certain elements of a claim, that does not mean a party seeking amendment or withdrawal has failed to satisfy the first prong. *See Ina*, 2021 WL 5822087, at *2. There, the plaintiff arguing that non-responses should be deemed admitted argued that, under *Conlon*, "if the admissions leave room for the [defendants] to contest at least one element of [p]laintiffs' claims, the [defendants] cannot satisfy this first prong." *Id.* The Honorable Magistrate Judge Brenda Weksler disagreed and explained that while *Conlon* established that eliminating all merits-based arguments can be *sufficient* to satisfy the first prong, it did not find that it is *necessary*. *See id.* This interpretation, Judge Weksler explained, is both fully consistent with the plain language of Rule 36—providing for amendment or withdrawal when it "would promote the presentation of the merits of the action"—and the earlier version of the rule—providing for amendment or withdrawal when the presentation of the merits of the action would be subserved. *Id.*

The Court finds that Defendant has met his burden under the first prong. Plaintiff's argument that upholding the admissions would only eliminate presentation on the merits for liability and past medical special damages is not persuasive. While there may be other elements or theories available for Defendant to argue at trial, Defendant need not show that upholding admissions would bar him from bringing *any* argument on the merits to satisfy the first prong. Rather, Defendant satisfies the first prong because he argues that upholding admissions would bar

him from bringing arguments central to Plaintiff's action.  He explains that he has "asserted several liability defenses," and that he has reason to believe Plaintiff may not proceed with certain medical procedures recommended after the accident. (ECF No. 25 at 7; ECF No. 19 at 19). Moreover, causation and damages are central elements to Plaintiff's negligence claims. Defendant has thus met his burden of satisfying the first prong because amendment or withdrawal would promote the presentation of the merits of the action.

### B.     Plaintiff has not met his burden of satisfying the second prong.

The prejudice contemplated by Rule 36(b) "is not simply that the party who obtained the admission will not have to convince the factfinder of its truth."  *Hadley*, 45 F.3d at 1348. "Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  *Id.* (internal citations and quotations omitted). "[R]eliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."  *Conlon*, 474 F.3d at 624.

In *Conlon*, the Ninth Circuit upheld the district court's decision denying a *pro se* plaintiff's motion to amend or withdraw because the timing of the plaintiff's motion prejudiced the defendant, who had relied on the admissions.  *See id.* at 620-21, 624-25.  There, the Court set a short discovery period, during the beginning of which, the defendant served its requests for admission on the *pro se* plaintiff.  *Id.* at 619.  After the thirty-day timeframe passed, the defendant contacted the Plaintiff to discuss the past-due responses and sent two letters warning the plaintiff of the consequences of failing to respond.  *See id.* at 619-20.  Three days before the dispositive motion deadline, the defendant moved for summary judgment based on the deemed admissions. *See id.*  The plaintiff moved to withdraw or amend his requests for admission responses, which motion the district court denied eight days before trial.  *See id.*

In deciding the second prong, the Ninth Circuit noted that the case "involve[d] more than a mere failure to comply with the deadlines."  *Id.* at 624.  Rather, the defendant had relied on the plaintiff's admissions for more than two months, after reminding the plaintiff multiple times of the consequences of not responding.  *See id.*  Additionally, the district court issued its order only

eight days before trial, which would cause the defendant difficulty in proving its case at trial. *See id.* "With trial imminent, the [defendant] relied heavily on [plaintiff's] admissions, which essentially conceded the case. As a result, the [defendant] conducted none of the discovery it otherwise needed to prove its case at trial." *Id.*

Plaintiff has not met his burden under the second prong. Plaintiff has demonstrated little more than that he will have to convince the factfinder of causation and damages. Plaintiff has not explained whether any key witnesses are unavailable. And while Plaintiff argues that he must now suddenly retain experts, depose fact witnesses, and issue additional written discovery, discovery does not close until March 11, 2022 and a trial date is not yet set. (ECF No. 15).

This case is also distinguishable from *Conlon*. Unlike the shortened discovery period in *Conlon*, here, Plaintiff has an additional two months to complete discovery. While the defendant in *Conlon* repeatedly reminded the plaintiff of his missing responses, Plaintiff did not mention Defendant's missing responses here. And while the defendant in *Conlon* waited to file a motion for summary judgment until three days before the deadline, Plaintiff's timing leaves the Court questioning his motives. Indeed, Plaintiff filed his motion—based entirely on the missing responses—the day after Defendant brought the missing responses to Plaintiff's attention, explained the mistake, and requested an extension. Finally, unlike the Ninth Circuit's reasoning that the motion "involved more than a mere failure to comply with the deadlines," here, the instant motion is based entirely on a failure to comply with the deadlines. Plaintiff has not convincingly demonstrated difficulty in proving his case at trial—which is months away—nor an inability to conduct discovery before the March 11, 2022 deadline. Plaintiff has thus failed to carry his burden of establishing prejudice.

### C. *The remaining factors weigh in favor of allowing withdrawal and amendment.*

Other factors that the court may consider when deciding a motion under Rule 36(b) include whether the moving party can establish good cause and whether the moving party has a strong case on the merits. *Ina*, 2021 WL 5822087, at *3. Additionally, Rule 36 is not meant to be used to gain a tactical advantage. *See Conlon*, 474 F.3d at 622. Instead, it is meant to serve two goals: "truth seeking in litigation and efficiency in dispensing justice." *Id.*

Other factors weigh in favor of granting Defendant's motion because he has demonstrated good cause and a strong case on the merits.  Defendant explains that the missed deadline was the result of a staffing change during which an otherwise small mistake was magnified.  Defendant's counsel forgot to attach the correct document to be served.  The individual who would be most equipped to catch this mistake was not available to catch it.  Defendant also argues that he has a strong case on the merits.  As Defendant has asserted, he has eyewitnesses who would be willing to testify to issues concerning causation and damages and believes that damages may have significantly changed.  While these issues will be resolved at trial, Defendant appears to have a strong case on the merits.  Finally, denying withdrawal or amendment under Rule 36 in these circumstances would give Plaintiff an unfair tactical advantage.  Defendant's error is clearly an inadvertent clerical error on which Plaintiff should not be able to benefit and base his entire case.  To do so would violate the truth-seeking goal of Rule 36.

**IT IS THEREFORE ORDERED** that Defendant's motion to withdraw and amend his non-responses to Plaintiff's requests for admissions (ECF No. 19) is **granted.**  Defendant may amend his responses as reflected in his attached Exhibit A to ECF No. 19.

DATED: January 4, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE